UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-81141-CIV-MIDDLEBROOKS/JOHNSON

VITACOST.COM, INC.,

    Plaintiff,

vs.

GAIA HERBS, INC.,

    Defendant,

_____/

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS,
GRANTING PLAINTIFF LEAVE TO AMEND COMPLAINT**

This Cause comes before the Court on Defendant's Motion to Dismiss (DE 3), filed December 14, 2006. The Court has reviewed the record and is fully advised in the premises.

Plaintiff Vitacost.com ("Vitacost") filed this complaint in state court on November 20, 2006. Defendant Gaia Herbs, Inc. ("Gaia Herbs") filed a timely notice of removal and now moves to dismiss the action pursuant to Fed. R. Civ. P. 12(b)(6).

Defendant Gaia Herbs markets and sells herbal supplements through third-party distributors, including sales in Florida. The Defendant has one hundred thirty seven contracted distributors within 250 miles of Palm Beach County. *See* Pl. Complaint, ¶3.

Plaintiff Vitacost is a retail seller of dietary supplements. Vitacost does not distribute Gaia Herbs products, nor has it ever distributed these products. Prior to the filing of this complaint, Plaintiff and Defendant had discussed entering into a business relationship where

1

Plaintiff would purchase and then sell Defendant's products.  These discussions did not lead to an agreement or business relationship between the two parties.

After the breakdown of these discussions, Plaintiff filed the instant lawsuit, alleging violations of the Florida Antitrust Act, Fla. Stat. § 542.15 et seq.  Specifically, Plaintiff makes claims of monopolization, conspiracy to monopolize, price-fixing, and unlawful resale price maintenance.  See Pl. Complaint, ¶12-17.

**I. Analysis**

A motion to dismiss is appropriate when it is demonstrated "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  For the purpose of the motion to dismiss, the complaint is construed in the light most favorable to the plaintiff, and all facts alleged by the plaintiff are accepted as true.  *Hishon v King & Spaulding*, 467 U.S. 69, 73 (1984).  Regardless of the alleged facts, however, a court may dismiss a complaint on a dispositive issue of law. *Marshall County Bd. of Educ. v.  Marshall County Gas Dist*., 992 F.2d 1171, 1174 (11th Cir. 1993).  "Conclusory allegations in the complaint need not be taken as true and the plaintiff must allege sufficient facts to support his allegations." *Marine Coatings of Alabama, Inc. v. United States*, 792 F.2d 1565, 1568 (11th Cir. 1986).

In interpreting the Florida Antitrust Act, existing case law holds that a court must rely on the body of federal case law interpreting the Sherman Act.  *See All Care Nursing Serv. v. High Tech Staffing Servs*., 135 F.3d 740, 746 (11th Cir. 1998) ["Federal and Florida antitrust laws are analyzed under the same rules and case law. Fla. Stat. § 542.32 ("It is the intent of the Legislature that, in construing this chapter, due consideration and great weight be given to the interpretations

of the federal courts relating to comparable federal antitrust statutes."); *see also St. Petersburg Yacht Charters, Inc. v. Morgan Yacht, Inc.*, 457 So. 2d 1028, 1032 (Fla.Dist.Ct.App.1984) ("The Florida legislature has, in effect, adopted as the law of Florida the body of antitrust law developed by the federal courts under the Sherman Act."); Fla. Stat. §§ 542.16 (Florida antitrust laws complement federal antitrust laws), 542.18 (analogous to § 1 of the Sherman Act).]

Defendant first argues that Plaintiff lacks standing to assert an antitrust injury in this case. The Eleventh Circuit follows a two-part test to determine whether a plaintiff has antitrust standing. *See Florida Seed Co. v. Monsanto Co.*, 105 F.3d 1372, 1374 (11th Cir. 1997), *citing Municipal Utils. Bd. of Albertville v. Alabama Power Co.*, 934 F.2d 1493, 1499 (11th Cir.1991).

First, the plaintiff must establish that it has suffered "antitrust injury." *Id*. As the Supreme Court has made clear, to have standing antitrust plaintiffs "must prove more than injury casually linked to an illegal presence in the market [i.e., but for causation]. Plaintiffs must prove antitrust injury, which is to say injury of the type that the antitrust laws were intended to prevent and that flows from that which makes the defendant's acts unlawful." *Id., citing Brunswick Corp. v. Pueblo Bowl-o-Mat, Inc*., 429 U.S. 477, 489 (1977).

Second, the plaintiff must establish that it is an efficient enforcer of the antitrust laws. *See Id.* This determination is predicated on the "target area test," where an antitrust plaintiff prove that he is within that sector of the economy endangered by a breakdown of competitive conditions in a particular industry, and that he is the target against which anticompetitive activity is directed. *Id.* Basically, a plaintiff must show that it is a customer or competitor in the relevant antitrust market. *Id.*

Based upon the limited allegations in the complaint, the Plaintiff has not asserted an

antitrust injury.  Plaintiff is a distributor of products similar to the Defendant's, and the main injury it asserts is economic damages to itself as a result of not being able to sell Defendant's products.  *See* Pl. Complaint ¶17.  Vitacost then asks the Court to order the Defendant to sell its products to Plaintiff.  *See* Pl. Complaint ¶16.

Here it does not appear that Plaintiff has demonstrated the requisite antitrust injury.  Relying on *Brunswick*, courts have consistently denied standing to distributors who were terminated, or whose contracts were not renewed, following a merger.  *Florida Seed Co.,* 105 F.3d at 1375.  This situation is analogous to the case at bar.  In fact, the injury in *Florida Seed* may even be more significant than that alleged here, as the Plaintiff there actually had an existing business relationship and lost the profits therefrom as a result of the merger.  Here Vitacost did not even have an existing business relationship with Gaia Herbs, and its alleged damages are much more speculative.

Other courts of appeals have agreed that injuries to distributors generally do not qualify as antitrust injuries.  "Competitors and consumers in the market where trade is allegedly restrained are presumptively the proper plaintiffs to allege antitrust injury. In contrast, a commercial intermediary, such as a distributor or sales representative, generally lacks standing because its antitrust injury is too remote."  *Serpa Corp. v. McWane, Inc*., 199 F.3d 6, 10 (1st Cir. 1999).

Vitacost has also failed to allege sufficient facts to establish its standing under the second prong of the test, namely that it is an efficient enforcer of antitrust laws.  As noted above, the Eleventh Circuit has held that to satisfy this prong, a plaintiff needs to be either a consumer or competitor of the Defendant or the Defendant's products.  *See Florida Seed Co.,* 105 F.3d at 1374.  Plaintiff has failed to allege sufficient facts in its complaint indicating that it is either a

consumer of Defendant's products or a competitor. Indeed, it would seem impossible for Vitacost to be a consumer, as it is a distributor hoping to sell Defendant's products to consumers. There are also no allegations in the complaint that Vitacost is a competitor of Gaia Herbs, as it does not manufacture its own products, rather it is a retailer. *See* Pl. Complaint ¶2.

In its response to Defendant's motion, Plaintiff argues that its complaint satisfies the liberal notice pleading standard of Fed. R. Civ. P. 8. However, Plaintiff cites no case law in support of its argument that it has standing to bring this action, instead offering only conclusory allegations. As the Eleventh Circuit has stated, "plaintiff must allege sufficient facts to support his allegations." *Marine Coatings of Alabama, Inc.,* 792 F.2d at 1568. There are virtually no facts present in the complaint to support the allegations made, and it is clear from an examination of the complaint as written that Plaintiff has not established standing under the Eleventh Circuit's test.

Given the bare bones nature of the complaint, I will grant Plaintiff leave to amend the complaint in order to provide a factual basis for the claims and allege a basis for antitrust standing. Plaintiff shall file an amended complaint within ten (10) days of the date of this Order.

Accordingly, it is

ORDERED AND ADJUDGED that Defendant's Motion to Dismiss (DE 3) is GRANTED. I also grant Plaintiff leave to amend, and any amended complaint must be filed within ten (10) days of the date of this Order.

DONE AND ORDERED in Chambers at West Palm Beach, FL, this 26th day of January 2007.

                                                                      DONALD M. MIDDLEBROOKS
                                                                      UNITED STATES DISTRICT JUDGE

copies to counsel of record