UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-81141-CIV-MIDDLEBROOKS/JOHNSON

VITACOST.COM, INC.,

    Plaintiff,

vs.

GAIA HERBS, INC.,

    Defendant,

_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS, GRANTING FINAL LEAVE TO AMEND

    This Cause comes before the Court on Defendant's Motion to Dismiss (DE 16), filed March 8, 2007. The Court has reviewed the record and is fully advised in the premises.

    Plaintiff Vitacost.com ("Vitacost") filed this complaint in state court on November 20, 2006, alleging violations of the Florida Antitrust Act, Fla. Stat. § 542.15 et seq. Defendant Gaia Herbs, Inc. ("Gaia Herbs") filed a timely notice of removal and now moves to dismiss Plaintiff's amended complaint pursuant to Fed. R. Civ. P. 12(b)(6). Defendant filed a previous motion to dismiss, which I granted on January 29, 2007 (DE 11). In that order I found that Plaintiff had failed to adequately allege that it had standing to bring an antitrust action, and I granted Plaintiff leave to amend its complaint.

**I. Plaintiff's Amended Complaint**

    Defendant Gaia Herbs markets and sells herbal supplements through third-party

distributors, including sales in Florida. The Defendant has one hundred thirty seven contracted distributors within 250 miles of Palm Beach County. *See* Pl. Amd. Complaint, ¶6.

Plaintiff Vitacost is a retail seller of dietary supplements, and it owns and manufactures its own dietary supplements under the brand name Nutraceuticals Sciences Institute ("NSI"). *Id.* at ¶5. Vitacost does not distribute Gaia Herbs products, nor has it ever distributed these products. Prior to the filing of this complaint, Plaintiff and Defendant had discussed entering into a business relationship where Plaintiff would purchase and then sell Defendant's products.

In early 2005 Plaintiff's purchasing manager contacted Defendant's customer service manager about opening an account with Gaia Herbs. *See Id.* at ¶7. Plaintiff alleges that Gaia Herbs would only open the account with Plaintiff if Plaintiff agreed not to sell Gaia Herbs products below a certain price, a condition that Plaintiff refused. *See Id.* at ¶8.

Vitacost alleges that it is suffering a direct injury to itself by not being allowed to carry Gaia Herbs products. *See Id.* at ¶10. Defendant notified Plaintiff in October of 2006 that it was not going to sell its products through e-commerce retailers any longer, as this was no longer consistent with the company's business model. Vitacost alleges, however, that Defendant still markets its products through internet retailers. *See Id.* at ¶12-13.

Plaintiff alleges that Defendant's practice of mandating a minimum re-sale for its products represents an antitrust injury to Vitacost, as it cannot compete for business with other retailers who agree to the minimum price and are able to sell Gaia Herbs products. *See Id.* at 22-24.

After the breakdown of these discussions, Plaintiff filed the instant lawsuit, alleging violations of the Florida Antitrust Act, Fla. Stat. § 542.15 et seq. Specifically, Plaintiff makes

claims of monopolization, conspiracy to monopolize, price-fixing, and unlawful resale price maintenance.  *See Id.*, ¶17-28.  Vitacost is seeking an order requiring Gaia Herbs to allow Plaintiff to re-sell its products, as well as damages for the business it alleges it has lost from not being able to sell Defendant's products.  *See Id.*

## II. Analysis

A motion to dismiss is appropriate when it is demonstrated "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  For the purpose of the motion to dismiss, the complaint is construed in the light most favorable to the plaintiff, and all facts alleged by the plaintiff are accepted as true.  *Hishon v King & Spaulding*, 467 U.S. 69, 73 (1984).  Regardless of the alleged facts, however, a court may dismiss a complaint on a dispositive issue of law. *Marshall County Bd. of Educ. v.  Marshall County Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).  "Conclusory allegations in the complaint need not be taken as true and the plaintiff must allege sufficient facts to support his allegations." *Marine Coatings of Alabama, Inc. v. United States*, 792 F.2d 1565, 1568 (11th Cir. 1986).

In interpreting the Florida Antitrust Act, existing case law holds that a court must rely on the body of federal case law interpreting the Sherman Act.  *See All Care Nursing Serv. v. High Tech Staffing Servs.*, 135 F.3d 740, 746 (11th Cir. 1998) ["Federal and Florida antitrust laws are analyzed under the same rules and case law. Fla. Stat. § 542.32 ("It is the intent of the Legislature that, in construing this chapter, due consideration and great weight be given to the interpretations of the federal courts relating to comparable federal antitrust statutes."); *see also St. Petersburg Yacht Charters, Inc. v. Morgan Yacht, Inc.*, 457 So. 2d 1028, 1032 (Fla.Dist.Ct.App.1984) ("The

Florida legislature has, in effect, adopted as the law of Florida the body of antitrust law developed by the federal courts under the Sherman Act."); Fla. Stat. §§ 542.16 (Florida antitrust laws complement federal antitrust laws), 542.18 (analogous to § 1 of the Sherman Act).

Defendant first argues that Plaintiff lacks standing to assert an antitrust injury in this case. The Eleventh Circuit follows a two-part test to determine whether a plaintiff has antitrust standing. *See Florida Seed Co. v. Monsanto Co.*, 105 F.3d 1372, 1374 (11th Cir. 1997), *citing Municipal Utils. Bd. of Albertville v. Alabama Power Co.*, 934 F.2d 1493, 1499 (11th Cir.1991).

First, the plaintiff must establish that it has suffered "antitrust injury." *Id*. As the Supreme Court has made clear, to have standing antitrust plaintiffs "must prove more than injury casually linked to an illegal presence in the market [i.e., but for causation]. Plaintiffs must prove antitrust injury, which is to say injury of the type that the antitrust laws were intended to prevent and that flows from that which makes the defendant's acts unlawful." *Id., citing Brunswick Corp. v. Pueblo Bowl-o-Mat, Inc.*, 429 U.S. 477, 489 (1977).

Second, the plaintiff must establish that it is an efficient enforcer of the antitrust laws. *See Id.* This determination is predicated on the "target area test," where an antitrust plaintiff must prove that he is within that sector of the economy endangered by a breakdown of competitive conditions in a particular industry, and that he is the target against which anticompetitive activity is directed. *See Id.* Basically, a plaintiff must show that it is a customer or competitor in the relevant antitrust market. *See Id.*

**A. Antitrust Injury**

Based upon the allegations in the complaint, the Plaintiff has not asserted an antitrust injury. Plaintiff is a distributor of products similar to the Defendant's, and the main injury it

asserts is economic damages to itself as a result of not being able to sell Defendant's products. *See* Pl. Amd. Complaint ¶25,27,28.  Vitacost then asks the Court to order the Defendant to sell its products to Plaintiff.  This alleged injury is very similar to that before another court in this circuit, where the judge noted that "Plaintiffs complain of injury largely to themselves, not injury that inures to the public detriment. This is not antitrust injury." *JES Props., Inc. v. United States Equestrian, Inc.*, 2005 U.S. Dist. LEXIS 43122 (M.D. Fla. 2005).

Plaintiff's complaint simply does not allege that Defendant's actions have adversely affected competition in the relevant market, aside from one passing reference stating only that Defendant's actions are "hurting all consumers."  *See* Pl. Amd. Complaint ¶26.  There is no allegation that Gaia Herbs products represent a monopoly for a particular type of supplement, and that consumers are paying inflated prices because there is no other option in the dietary supplement market.  Instead, Plaintiff states that it has its own brand of dietary supplements that competes with the very products at issue in this case, and it describes the vitamin supplement industry as "very competitive" in its amended complaint.  *See Id.* ¶5,25.  Given these facts, it is difficult to imagine how competition suffers from Plaintiff being unable to sell Defendant's products.

The Plaintiff is not a consumer paying allegedly inflated prices, nor is it a distributor that has suffered an injury as a result of being unable to sell an artificially high-priced product due to the manufacturer's price fixing.  Here the Plaintiff has never sold a Gaia Herbs product.

I find this situation to be very analogous to cases where existing distributors of a product have alleged antitrust injuries after losing their distribution rights through mergers.  Relying on *Brunswick*, courts have consistently denied standing to distributors who were terminated, or

whose contracts were not renewed, following a merger. *See Florida Seed Co.,*105 F.3d at 1375. In fact, the injury in *Florida Seed* may even be more significant than that alleged here, as the Plaintiff there actually had an existing business relationship and lost the profits therefrom as a result of the merger. Here Vitacost did not even have an existing business relationship with Gaia Herbs, and its alleged damages are entirely speculative.[1] Therefore, Vitacost's claim of antitrust injury fails as a matter of law.

Other courts of appeals have agreed that injuries to distributors generally do not qualify as antitrust injuries. "Competitors and consumers in the market where trade is allegedly restrained are presumptively the proper plaintiffs to allege antitrust injury. In contrast, a commercial intermediary, such as a distributor or sales representative, generally lacks standing because its antitrust injury is too remote." *Serpa Corp. v. McWane, Inc.*, 199 F.3d 6, 10 (1st Cir. 1999).

**B. Efficient Enforcer**

While the lack of an antitrust injury alone causes Plaintiff's complaint to fail, I will also address the efficient enforcer prong of the standing test, as Vitacost's complaint fails here as well. As noted above, the Eleventh Circuit has held that to satisfy this prong, a plaintiff needs to be either a consumer or competitor of the Defendant or the Defendant's products. *See Florida Seed Co.,* 105 F.3d at 1374. Plaintiff has failed to allege sufficient facts in its complaint indicating that it is either a consumer of Defendant's products or a competitor. It is undisputed that Vitacost is not a consumer for purposes of this test, as it is a distributor hoping to sell Defendant's products to consumers. Vitacost does claim in the amended complaint that it is a

---

[1] *See JES Props. Inc.,* 2005 U.S. Dist. LEXIS 43122 at 38 (plaintiff claimed its damages as the profits it would have made on housing developments; court found such damages too remote and speculative to represent an antitrust injury).

competitor of Gaia Herbs, but a careful analysis reveals that the competitor allegations are inadequate as a matter of law.

Vitacost is not an actual distributor of Gaia Herbs products, rather it wants to become a distributor. This fact is crucial, because a plaintiff must be a current distributor or a distributor who actually had its prices restrained in order to maintain an action for resale price maintenance. *See Serpa Corp. v. McWane, Inc.*, 14 F. Supp. 2d 147, 151 (D. Mass. 1998), *aff'd* 199 F.3d 6. Here Vitacost was not a distributor that had been selling Defendant's products, then lost the distributorship as a result of an allegedly anticompetitive action.

Additionally, the anticompetitive action alleged in this case is not an example of predatory pricing, where a manufacturer sells its goods at a price below the cost basis in order to drive out competition. Instead, the Defendant has a policy of not allowing retailers to sell its products below a certain price level.

The Supreme Court has stated that, in antitrust actions, a competitor "may not complain of conspiracies that . . . set minimum prices at any level." *Atl. Richfield Co. v. United States Petroleum Co.*, 495 U.S. 328, 337 (U.S. 1990), *citing Matsushita Electric Industrial Corp. v. Zenith Radio Corp.*, 475 U.S. 574, 585, n. 8 (1986). Minimum resale prices, without more, are not examples of antitrust violations, as they do not inhibit competition. Here, the Plaintiff's own complaint acknowledges that the vitamin supplement market is very competitive, and that there are multiple producers of similar products. It also does not allege a conspiracy on Defendant's part to fix prices. In such a competitive market with various suppliers, the Defendant's unilateral policy of setting a minimum resale price is not anticompetitive.

The Eleventh Circuit has previously held that a product manufacturer may unilaterally

announce its resale prices without committing an antitrust violation. "Independent action is not proscribed. A manufacturer of course generally has a right to deal, or refuse to deal, with whomever it likes, as long as it does so independently." *De Long Equipment Co. v. Washington Mills Abrasive Co.*, 887 F.2d 1499, 1506 (11th Cir. 1989), *citing United States v. Colgate & Co.*, 250 U.S. 300, 307 (1919).

Furthermore, "Under *Colgate*, the manufacturer can announce its resale prices in advance and refuse to deal with those who fail to comply. And a distributor is free to acquiesce in the manufacturer's demand in order to avoid termination." *Id.* This is exactly the scenario that appears in the present case. Plaintiff, in two separate complaints, has not alleged facts sufficient to demonstrate any agreement or conspiracy on the part of Defendant and other distributors, as required by Fla. Stat. §542.18.[2]

Plaintiff alleges only that Defendant's policy of minimum resale prices is a price fixing scheme, and in one sentence of the amended complaint it alleges that another retailer, VitaminShoppe, has agreed to participate in this scheme. *See* Pl. Amd. Complaint ¶22. There are no allegations of any specific agreement between Defendant and VitaminShoppe to fix prices, only conclusory allegations. As noted above, mere conclusory allegations need not be taken as

---

[2] Section 542.18 mirrors the Sherman Act, 15 U.S.C. §1. As I previously noted, courts must use federal caselaw interpreting the Sherman Act for claims under the Florida Antitrust Act.
  The Eleventh Circuit, in interpreting the Sherman Act, has stated that "Section One applies only to agreements between two or more businesses; it does not cover unilateral conduct*." Spanish Broad. Sys. of Fla. v. Clear Channel Communs.*, 376 F.3d 1065, 1071 (11th Cir. 2004).
  Furthermore, "Even where a single firm's restraints directly affect prices and have the same economic effect as concerted action might have, there can be no liability under § 1 in the absence of agreement." *Id., citing Fisher v. City of Berkeley*, 475 U.S. 260, 266 (1986).

true for purposes of a motion to dismiss, and Vitacost must allege sufficient facts to support its allegations. *See Marine Coatings of Alabama, Inc.,* 792 F.2d at 1568.

### III. Conclusion

Vitacost has failed as a matter of law to demonstrate its standing to bring an antitrust action against Gaia Herbs. Plaintiff has not shown either that it has suffered an antitrust injury, or that it is an efficient enforcer of the antitrust laws. The alleged injury is nothing more than damages to Vitacost itself, stemming from its inability to sell the Defendant's products. Its alleged damages of lost profits from these non-existent sales are entirely speculative.

The Plaintiff has also failed to demonstrate that it is an efficient enforcer of the antitrust laws. It is not a consumer of Defendant's products, and it is also not a current distributor. While Vitacost claims that Gaia Herbs is illegally setting minimum resale prices, the Supreme Court has stated that competitors cannot complain about minimum resale prices when competition exists. Finally, this circuit's case law holds that a manufacturer is free to unilaterally set a minimum resale price for its products, and there are no factual allegations in the complaint indicating anything other than a unilateral pricing decision by Gaia Herbs. Under existing Eleventh Circuit case law, Plaintiff's claim fails as a matter of law.

I have already given the Plaintiff an opportunity to amend its complaint to address the standing issue, and Plaintiff has again failed to satisfy the Eleventh Circuit's standing requirement. At this point I am highly skeptical that the Plaintiff can plead sufficient facts to satisfy this test. That said, I will give Plaintiff one final opportunity to meet the standing requirement. In particular, Plaintiff must review this circuit's case law and address whether there is any support in the law for its alleged antitrust injury.

Accordingly, it is

ORDERED AND ADJUDGED that Defendant's Motion to Dismiss (DE 16) is GRANTED. Plaintiff must file an amended complaint within seven (7) days of the date of this Order.

DONE AND ORDERED in Chambers at West Palm Beach, FL, this 28th day of March 2007.

_____
DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

copies to counsel of record